FRANCES E. TASKER vs. INHABITANTS OF FARMINGDALE.

Kennebec.   Opinion July 22, 1893.

*Towns.   Way.   Negligence.*

The law does not require towns to make their roads passable over their entire width.

The duty of towns is fully performed when they have prepared carriage-ways of sufficient width to make them reasonably safe and reasonably convenient for travelers who drive over them with reasonable care and caution.

When one intentionally and heedlessly and unnecessarily drives out of the wrought part of a road, he must do so at his own risk.

ON MOTION AND EXCEPTIONS.

This was an action to recover damages sustained by an alleged defective highway. The jury returned a verdict for the plaintiff, and the defendant moved for a new trial and also took exceptions. The view of the case taken by the court renders the exceptions immaterial.

The case appears in the opinion.

*A. M. Spear* for plaintiff.

*Baker, Baker and Cornish,* for defendants.

WALTON, J.   As the plaintiff (Mrs. Tasker) was driving with two of her children over a road with which she was perfectly well acquainted, having driven over it hundreds of times, she saw an electric car coming. She says that her horse did not appear to be at all alarmed, and that she had him under full control. She, nevertheless, reined her horse out of the road on the opposite side from the car, so as to go as far from it as she could, and the first she knew her carriage wheel dropped down over the end of a culvert, and she and her two children were thrown out. The children were not hurt. But for injuries claimed to have been received by her, she has recovered a verdict against the town of Farmingdale for $1150.

We think the verdict is clearly wrong. We can not doubt that the accident was due entirely to the plaintiff's own thoughtless inattention. The road was smooth and nearly level, and wide enough for three such carriages as the one in which the plaintiff was riding to pass abreast. Her horse was not frightened and she

had him under full control. She so testifies. She intentionally and unnecessarily reined him out of the road. It was in the evening, and the kindliest view that we can take of the plaintiff's conduct is that her attention was so absorbed by the electric car that she gave no thought to the danger she might encounter by driving out of the road. She saw the car, but she did not see and did not think of the culvert. Thoughtless inattention — the very essence of negligence — was the cause of the accident.

It is urged that the culvert was so constructed that it could not be easily seen in the evening. But that is true of most culverts. And there is no evidence that the plaintiff tried to see it. She does pretend that she looked for it. The night was not very dark, and the plaintiff testifies that the width of the road was plainly visible, and she supposed there were culverts. "I mean," said she, "that I would see them as I passed along, but could not place them from memory." But she does not pretend that at the time of the accident she was making any effort to place them. She was using neither her memory nor her sense of sight. She was thoughtless and inattentive to every danger except the electric car. It is no excuse for driving into an unseen and an unlooked-for culvert, that possibly it might not have been seen if it had been looked for. It is negligence to drive out of a well wrought road and into the ditch without first ascertaining whether it will be safe to do so, or at least making an effort to ascertain.

It is further urged that the culvert was too short. It is argued that if this culvert had been only a few inches longer, this accident would not have happened. That is no more than saying that if the plaintiff had not driven outside of the culvert she would not have been hurt; or, if she had kept in the road, or only a few inches nearer the center of it, the accident would not have happened. The distance from the railroad track to the end of the culvert was twenty-one feet. If, as the plaintiff says, her horse was not at all frightened, and she had him under full control, surely twenty-one feet of smooth road was a sufficient width for the plaintiff to have crossed the culvert on, if she had exercised due care not to get out of the road. The

law does not require towns to make their roads passable over their entire width.   The duty of towns is fully performed when they have prepared carriage-ways of sufficient width to make them reasonably safe and reasonably convenient for travelers who drive over them with reasonable care and caution.   When one intentionally and heedlessly and unnecessarily drives out of the wrought part of a road, he must do so at his own risk.   It would be monstrous to hold the town responsible for an accident thus occasioned.

We profoundly regret the plaintiff's injury.   But we think it would be a perversion of law and a perversion of justice to allow the town of Farmingdale to be made responsible for it. *Perkins* v. *Fayette*, 68 Maine, 152 ; *Knowlton* v. *Augusta*, 84 Maine, 572 ; *Mosher* v. *Smithfield*, 84 Maine, 334 ; *Gallagher* v. *Proctor*, 84 Maine, 41 ; *Morse* v. *Belfast*, 77 Maine, 44 ; *Spaulding* v. *Winslow*, 74 Maine, 528.

*Verdict set aside.*

PETERS, C. J., LIBBEY, FOSTER, HASKELL and WISWELL, JJ., concurred.