EDWARD W. BRIDGHAM
*vs.*
W. H. HINMAN, INC.

Sagadahoc.    Opinion, June 8, 1953.

PER CURIAM.

On motion.    This case was tried in the Superior Court for Sagadahoc County at the June 1952 Term.  A verdict was returned for the plaintiff.  The case is before us on a motion for a new trial addressed to this court, as against the law and the charge of the justice; because it is against the evidence; and because it is manifestly against the weight of the evidence in the case.

The action was brought to recover for damage to the plaintiff's automobile which was in collision with a heavy truck alleged to have been negligently operated by a servant of the defendant.  The collision took place on the public highway leading from Bath to Brunswick, designated as U. S. Highway No. 1, at an intersection between that highway and a private way leading across it from the Brunswick Airport to a cement mixing plant.  Cement was being transported by truck from the plant to the airport by the defendant for construction purposes.  The collision was between the plaintiff's passenger automobile and an empty cement truck returning from the airport to the cement plant.

Generally speaking, the highway extended westerly from Bath to Brunswick; and the private way extended northerly from the airport to and across the highway, entering the southerly side of the highway at an approximate right angle. At or in the corner of the intersection of the south line of the highway with the east line of the private way was what was described as a knoll or mound.  This knoll obscured the

view of a truck approaching the intersection from the south, so that the driver of an automobile approaching the intersection from the east would not see the same until the truck emerged approximately into the highway limits. About six hundred feet east of the intersection at least one sign carried warning in large letters over the defendant's name in smaller ones "SLOW TRUCKS CROSSING."

The plaintiff was familiar with the location, knew that trucks were crossing and recrossing the main highway at the intersection, and had seen the sign many times. There is a conflict of evidence as to whether he saw it or whether he did not see it when passing it just prior to the accident. The plaintiff knew also that members of the Brunswick Police Force were stationed at the intersection when defendant's trucks were hauling material across the main highway at the intersection and presumably, since such was the fact, knew that they were paid for their work in that connection by the defendant.

An officer of the Brunswick Police Force was present directing traffic at the intersection when the accident occurred. There is some conflict in the testimony as to just where he was standing, although undisputable evidence discloses that he stopped two cars approaching the intersection from the west and signaled the driver of the defendant's truck to cross just prior to the impact. It is undisputed that for a distance of approximately six hundred feet the plaintiff had a clear view of the intersection and the conclusion is irresistible that he could have seen the officer who was directing traffic. This is true whether or not the officer was in the center or was nearer the south line of the highway.

The plaintiff testified that he did not see the officer who testified that he was in the center of the highway signaling the eastbound traffic to stop, and while there motioned the truck to enter the highway. If the plaintiff did not discover

the presence of the officer in the highway directing traffic and not only signaling the eastbound traffic to stop but stopping the same, when we consider the fact that the plaintiff had a long clear view of the location and was familiar with the crossing, the warning sign, the likelihood of trucks to enter the intersection either from the south or the north, and the fact that traffic officers were usually there directing traffic, his failure to see the officer can be attributed to but one thing, *thoughtless inattention upon his part.* Thoughtless inattention is the very essence of negligence. *Tasker* v. *Farmingdale*, 85 Me. 523. In this case it was a contributing if not the sole cause of the accident. The negligence of the plaintiff, being a contributing cause of the accident, precludes a right of recovery on his part.

*Motion sustained.*

*Verdict set aside.*

*New trial granted.*

*Harold J. Rubin,* for plaintiff.

*Verrill, Dana, Walker, Philbrick & Whitehouse,*
for defendant.

SITTING: *MURCHIE, C. J., MERRILL, C. J., THAXTER, FELLOWS, NULTY, WILLIAMSON, JJ.

*MURCHIE, C. J., having deceased, did not join in this opinion.